UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-CV-00135-CHL

AUNDREA S.,[1]                                                                                                    **Plaintiff,**

v.

COMMISSIONER OF SOCIAL SECURITY,[2]                                                         **Defendant.**

## MEMORANDUM OPINION AND ORDER

Before the Court is the Complaint filed by Plaintiff Aundrea S. ("Claimant") proceeding *pro se*. Claimant seeks judicial review of the final decision of the Commissioner of Social Security ("the Commissioner"). (DN 1.) Claimant and the Commissioner each filed a Fact and Law Summary, and Claimant filed a reply.[3] (DNs 13, 15, 16, 21-1.) The Parties have consented to the jurisdiction of a Magistrate Judge to enter judgment in this case with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. (DN 11.) Therefore, this matter is ripe for review.

For the reasons set forth below, the final decision of the Commissioner is **AFFIRMED**.

---

[1] Pursuant to General Order 23-02, the Plaintiff in this case is identified and referenced solely by first name and last initial.
[2] As Martin O'Malley is now the Commissioner of Social Security in place of Kilolo Kijakazi, he is automatically substituted as the Defendant in this matter pursuant to Fed. R. Civ. P. 25(d). The Clerk is directed to change the case caption to reflect the substitution.
[3] When the Commissioner filed his Fact and Law Summary (DN 15), Claimant filed a letter seemingly in response that was addressed to the Commissioner and to which she attached some of her education records (DN 16), which the Court construes as her reply. Thereafter, the Commissioner filed a notice informing the Court that the copy of his Fact and Law Summary that he mailed to Claimant had come back in the mail marked "return to sender." (DN 17.) The Commissioner advised that his counsel contacted Claimant via telephone to confirm her address and sent a new copy of his Fact and Law Summary. (*Id.*) The Court ordered Claimant to clarify her address and out of an abundance of caution gave her additional time to file a reply. (DN 18.) Claimant filed a document clarifying her address to which she attached a copy of the letter to the Commissioner and the education records she had previously filed. (DNs 21, 21-1.)

I.   **BACKGROUND**

On or about August 5, 2020, Claimant filed an application for disability insurance benefits ("DIB") alleging disability beginning on October 7, 2019.  (R. at 18, 60, 71, 73-74, 166-70.)  On January 4, 2022, Administrative Law Judge ("ALJ") Stephanie M. Jones ("the ALJ") conducted a hearing on Claimant's application.  (*Id.* at 34-58.)  In a decision dated January 25, 2022, the ALJ engaged in the five-step sequential evaluation process promulgated by the Commissioner to determine whether an individual is disabled.  (*Id.* at 15-33.)  In doing so, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2025.  (*Id.* at 20.)

2. The claimant has not engaged in substantial gainful activity since October 7, 2019, the alleged onset date.  (*Id.*)

3. The claimant has the following severe impairments: depressive disorder, anxiety disorder, and posttraumatic stress disorder (PTSD).  (*Id.* at 21.)

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.  (*Id.* at 22.)

5. [T]he claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: In terms of postural limitations, she can occasionally climb ladders, ropes, and scaffolds. In terms of environmental limitations, she can have occasional exposure [to] hazards, such as moving mechanical parts and unprotected heights. In terms of mental limitations, she is restricted to the performance of simple and repetitive tasks, in a low-stress work setting, which the undersigned defines as requiring no judgments or decisions on skilled or semi-skilled work tasks, and no more than occasional changes in a routine work setting. She can only occasionally interact with the general public, but can frequently interact with co-workers, and supervisors. (*Id.* at 24.)

6. The claimant is unable to perform any past relevant work.  (*Id.* at 27.)

7. The claimant . . . was 32 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.  (*Id.*)

8.  The claimant has at least a high school education. (*Id.*)

9.  Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled. (*Id.*)

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. (*Id.*)

11. The claimant has not been under a disability, as defined in the Social Security Act, from October 7, 2019, through the date of this decision. (*Id.* at 28.)

Claimant subsequently requested an appeal to the Appeals Council, which denied her request for review on December 15, 2022. (*Id.* at 9-12, 162-65, 343-44.) At that point, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 422.210(a) (2023); *see also* 42 U.S.C. § 405(h) (discussing finality of the Commissioner's decision). Pursuant to 20 C.F.R. § 422.210(c), Claimant is presumed to have received that decision five days later. 20 C.F.R. § 422.210(c). Claimant sought and was granted an extension of time to file a civil action seeking judicial review through April 19, 2023. (R. at 1-2, 8.) Accordingly, Claimant timely filed this action on March 21, 2023. (DN 1.)

## II.     DISCUSSION

The Social Security Act authorizes payments of DIB to persons with disabilities. *See* 42 U.S.C. §§ 401-434. An individual shall be considered "disabled" if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a) (2023).

### A. Standard of Review

The Court may review the final decision of the Commissioner but that review is limited to whether the Commissioner's findings are supported by "substantial evidence" and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). "Substantial evidence" means "more than a mere scintilla"; it means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must "affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013); *see Smith v. Sec'y of Health & Hum. Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (holding that if the court determines the ALJ's decision is supported by substantial evidence, the court "may not even inquire whether the record could support a decision the other way"). However, "failure to follow agency rules and regulations" constitutes lack of substantial evidence, even where the Commissioner's findings can otherwise be justified by evidence in the record. *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011).

### B. Five-Step Sequential Evaluation Process for Evaluating Disability

The Commissioner has promulgated regulations that set forth a five-step sequential evaluation process that an ALJ must follow in evaluating whether an individual is disabled. 20 C.F.R. § 404.1520 (2023). In summary, the evaluation process proceeds as follows:

(1) Is the claimant involved in substantial gainful activity? If the answer is "yes," the claimant is not disabled. If the answer is "no," proceed to the next step.

(2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement[4] and

---

[4] To be considered, an impairment must be expected to result in death or have lasted/be expected to last for a continuous period of at least twelve months. 20 C.F.R. § 404.1509 (2023).

4

    significantly limits his or her physical or mental ability to do basic work activities? If the answer is "no," the claimant is not disabled. If the answer is "yes," proceed to the next step.

 (3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within 20 C.F.R. Part 404, Subpart P, Appendix 1? If the answer is "yes," the claimant is disabled. If the answer is "no," proceed to the next step.

 (4) Does the claimant have the residual functional capacity ("RFC") to return to his or her past relevant work? If the answer is "yes," then the claimant is not disabled. If the answer is "no," proceed to the next step.

 (5) Does the claimant's RFC, age, education, and work experience allow him or her to make an adjustment to other work? If the answer is "yes," the claimant is not disabled. If the answer is "no," the claimant is disabled.

20 C.F.R. § 404.1520(a)(4).

  The claimant bears the burden of proof with respect to steps one through four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). However, the burden shifts to the Commissioner at step five to prove that other work is available that the claimant is capable of performing. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008). The claimant always retains the burden of proving lack of RFC. *Id.*; *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 392 (6th Cir. 1999).

 **C.** **Claimant's Contentions**

  On September 12, 2023, after the filing of the administrative record, the Court entered an order directing each party to file by the deadlines specified therein "an appropriate brief specifying, inter alia, the numbered findings of the final decision [of the Commissioner] with which exception is taken and the specific errors alleged," which was to "be accompanied by a Fact and Law Summary on [a] form supplied by the Court." (DN 12, at PageID # 1004.) The order also required the Parties' memoranda to "support assertions of fact by citations to particular parts of the record." (*Id.* at 1005.) Despite these instructions, Claimant's *pro se* filings contain no citations to either

5

relevant legal authority or to the administrative record. (DNs 13, 16, 21-1.) Instead, she merely attached additional evidence that she claimed supports that she is disabled and made general reference to certain diagnoses she has been given by her providers including gastroparesis, diabetes, and certain chronic mental health conditions. (DN 13, at PageID # 1008-23; DN 16-1.)

While Claimant did not specifically request it, the Commissioner interpreted Claimant's *pro se* filings as a request for a sentence six remand under 42 U.S.C. § 405(g). (DN 15, at PageID # 1026.) It is true that Claimant is entitled to some leeway given her *pro se* status; this Court is required to liberally construe her filings and pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " (internal citations omitted)); *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 358 (6th Cir. 2012); *Haines v. Kerner*, 404 U.S. 519, 519 (1972). Yet "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). This liberal construction does not require the Court to make arguments not advanced by Claimant or to "conjure up unpleaded facts to support conclusory allegations." *Perry v. United Parcel Serv.*, 90 F. App'x 860, 861 (6th Cir. 2004) (citation omitted); *see also Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012) ("Even a pro se pleading must provide the opposing party with notice of the relief sought, and it is not within the purview of the district court to conjure up claims never presented."). In sum, although the pleadings may be construed with leniency, the law nevertheless applies equally to *pro se* litigants and those represented by attorneys. *See Brock v. Hendershott,* 840 F.2d 339, 343 (6th Cir. 1988). Given this authority, the Court will not make Claimant's arguments for her, and will not correct the patent deficiencies in her filings either. The Court will assess if her submitted

documents meet the requirements for a sentence six remand. As Claimant's filings contain nothing else that could reasonably be construed as an argument challenging whether the ALJ's decision was supported by substantial evidence, a sentence six remand is the only issue the Court will address.

Pursuant to well-established Sixth Circuit precedent, a court is confined in its review of the Commissioner's final decision to evidence that was in the administrative record when the ALJ rendered his or her decision. *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 685 (6th Cir. 1992); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). A court may only consider evidence outside the administrative record as part of its analysis of whether to grant a sentence six remand. A remand under 42 U.S.C. § 405(g) "sentence six" for consideration of additional evidence is warranted only if (1) the additional evidence at issue is both "new" and "material" and (2) there is "good cause" for failing to incorporate the evidence in the prior proceedings. *Faucher v. Sec'y of Health & Hum. Servs.*, 17 F.3d 171, 174 (6th Cir. 1994); *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010) (citing *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)). The burden of showing that a remand is appropriate is on the claimant. *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006) (citing *Foster*, 279 F.3d at 357). Evidence is considered "new" only if it was "not in existence or available to the claimant at the time of the administrative proceeding." *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990); *Foster*, 279 F.3d at 357. Evidence is material if there is "a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with [the] new evidence." *Ferguson*, 628 F.3d at 276 (quoting *Foster*, 279 F.3d at 357); *Sizemore v. Sec'y of Health & Hum. Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). Evidence is not considered material if it merely depicts and aggravation or deterioration in an existing condition. *Sizemore*, 865 F.2d at 712. When the

evidence was available to a claimant at the time of the hearing before the ALJ, a "claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster,* 279 F.3d at 357. Alternatively, when the evidence was unavailable to the claimant, a claimant may show "good cause" by proving the evidence arises from "continued medical treatment . . . and was not generated merely for the purpose of attempting to prove disability." *Koulizos v. Sec'y of Health & Hum. Servs.*, No. 85-1654, 1986 WL 17488, at *2 (6th Cir. Aug. 19, 1986) (citing *Wilson v. Sec'y of Health & Hum. Servs.*, 733 F.2d 1181 (6th Cir. 1984) and *Willis v. Sec'y of Health & Hum. Servs.*, 727 F.2d 551 (6th Cir. 1984)).

Combining the records attached to her Fact and Law Summary (DN 13) with those attached to her reply (DN 21-1), Claimant proffered six distinct pieces/categories of additional evidence. The Court will analyze each separately below.

### 1. Physician's Letter

Claimant provided a letter dated September 26, 2023, from Abigail Stocker, M.D., her gastrointestinal physician, for the Court's consideration. (DN 13, at PageID # 1008). The letter described Claimant's gastroparesis and its symptoms, detailed the difficulties that accompany the condition, explained the impact those symptoms may have on a gastroparetic's work ability, and included a representation that Claimant would "struggle with sitting, standing, or walking for extended periods due to increased fatigue." (*Id.*) This letter does not meet the standard for a sentence six remand. As to its newness, while the letter was created well after the hearing, its contents relate to medical conditions that Claimant had prior to and at the time of the hearing. As the contents of the letter were available to Claimant prior to the hearing in this case, the letter is not considered "new." As to its materiality prong, the ALJ found Claimant's gastroparesis to be

non-severe because the "impairment is stable and generally under control with medication" and the "physical examinations in treatment records generally show normal abdominal findings." (R. at 21 (citing *id.* at 359-87, 613-35, 640-66, 735-816).)  The ALJ rooted this statement in medical records where she described normal gastrointestinal symptoms and that described her gastroparesis as "stable" or "tolerable."  (*Id.* at 366, 371, 615, 621, 626, 631, 642, 652.)  Because the letter only generally describes Claimant's disease and common symptoms but does not address the contention that Claimant's gastroparesis is "stable and generally under control with medication," there is no reasonable probability that the ALJ would have decided differently if she had seen the letter before the hearing.  Finally, as to good cause, given the general nature of the evidence, Claimant can show no justifiable reason why the letter was not presented previously in prior proceedings.  The letter also appears to have been generated solely for the purpose of proving disability, not for seeking continued medical treatment; the former does not support a finding of good cause.  *Koulizos*, 1986 WL 17488, at *2.  Thus, the letter does not support a sentence six remand.

### 2. October 10, 2023, List of Diagnoses

Claimant also attached a note from Destiny Etheridge, M.D., dated October 10, 2023, listing thirty-five medical diagnoses, the first of which occurred on January 10, 2012, and the last of which was dated April 6, 2023.  (DN 13 at PageID # 1009-10.)  Of these, the ALJ only found posttraumatic stress, depressive, and anxiety disorders to be severe impairments.  (R. at 21-22.)  This evidence too does not justify a sentence six remand.  As to its newness, the list is dated after the administrative hearing in this case but like the physician letter discussed above, a list of her diagnoses was available to Claimant at the time of the hearing and is, thus, not new.  Even if any of the diagnoses on the list were new in the sense that she was only diagnosed with a particular condition after the ALJ's hearing and decision in this case, the list itself does not demonstrate that

the new diagnoses are material. A mere diagnosis of an impairment does not demonstrate the condition is severe enough to pass step two or prove disability. *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) ("[D]isability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it.") (internal citations omitted); *see Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis of [an impairment] …says nothing about the severity of the condition."). Without any evidence to support the severity of her diagnoses, their effect on her daily life, or any related functional limitations, there is no reasonable probability that the list would have prompted the ALJ to decide differently if she had seen it. Therefore, the list does not support a sentence six remand.

### 3.     May 10, 2023, Progress Notes

Next, Claimant provided "ambulatory progress notes" from an appointment at Seven Counties' Certified Community Behavior Health Clinic ("Seven Counties") dated May 10, 2023. (DN 13, at PageID # 1011-1021.) The notes stated that Claimant's "medications seem to be effective in managing anxiety and mood" and that her "mood has been 'stable,' [and] anxiety has been 'good.' " (*Id.* at 1012.) The results of the mental status exam were normal, with Claimant's mood as "7-8/10 with 10 being the best mood." (*Id* at 1013, 1016-17.)

The progress notes reinforce the ALJ's conclusion rather than suggest the probability of a different outcome and thus fail on the basis of materiality. In finding that Claimant's depressive disorder, anxiety disorder, and PTSD were not disabling, the ALJ noted "while the Claimant's symptoms wax and wane at times, the record indicates that with treatment her symptoms have improved overall." (R. at 25.) The ALJ also noted the lack of inpatient mental health treatment, and the attribution to many of her poor symptoms to outside factors such as her mother's hospitalization and COVID-19 generally. (*Id.*) The new progress notes neither record a period of

10

"waxing" of her symptoms, nor demonstrate any additional factors which would change the analysis of the ALJ. Thus, the notes do not support a sentence six remand.

### 4. Diagnosis Update List

Claimant also attached a diagnosis update list dated May 12, 2022. (DN 13 at PageID # 1022.) As with the diagnosis list above, the list is not new because, while dated after the hearing, the content of the list would have been available to Claimant at the time of the hearing. Likewise, the list is not material because a mere diagnosis does not demonstrate functional limitations and the listed impairments overlap with impairments the ALJ addressed in her decision. Therefore, the list does not justify a sentence six remand.

### 5. Service History

Claimant also provided a "service history" list of appointments she had at Seven Counties between September 12, 2022, and September 5, 2023. (*Id.* at 1023.) Notwithstanding that all of the appointments are dated after the hearing in this matter, the mere fact that Claimant had an appointment does not provide any substantive information about her impairments, conditions, or functional limitations. The service history list does not dispute the ALJ's conclusion that Claimant's symptoms have improved and are manageable with medication. (R. at 25 (citing *id.* at 600-02, 637-39, 826, 851-52, 871).) Therefore, the service history list is not material and does not create a reasonable probability that the ALJ would have reached a different conclusion. The service history list does not justify a sentence six remand.

### 6. Education Records

Finally, Claimant provided numerous pages of education records. (DNs 16-1, 21-1.) The records are largely handwritten and the handwriting is often so faint as to be illegible. Nonetheless, it appears they are dated between approximately 1992 and 2002, well before Claimant filed her

application for DIB benefits. Given these dates, the evidence is not new and Claimant provided no explanation for why these records were not previously obtained and provided to the ALJ for consideration. In her reply, she notes that her mom "found some of [her] old report cards." (DN 16, at PageID # 1035.) This is not a sufficient explanation to demonstrate good cause. In the absence of a showing of good cause, the records do not justify a sentence six remand.

### 7. Conclusion

After reviewing the documents presented by Claimant, this Court finds no basis for a sentence six remand. Therefore, the final decision of the Commissioner will be **AFFIRMED**.

### III. CONCLUSION AND ORDER

For the foregoing reasons, the final decision of the Commissioner is **AFFIRMED**. A final judgment will be entered separately.

Colin H Lindsay, Magistrate Judge
United States District Court

cc:  Counsel of Record, *Pro se* Plaintiff
     March 22, 2024